Robert L. Stephens, Jr.
Southside Law Center
19 N. 25th Street, Suite E
P.O. Box 1438
Billings, MT 59103-1438
(406) 245-6182
(406) 259-9475 – fax
rstephens@southsidelaw.net
Attorney for Plaintiffs

**FILED**

JUN 0 5 2019

Clerk, U.S. Courts
District Of Montana
Billings Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JANET JEAN BIG LAKE, as Personal Representative of the Estate of Ruben Stewart and on behalf of the Estate of Ruben Stewart, and Laverne Williamson Big Hair, on her own behalf,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA and its agency, Department of the Interior, Bureau of Indian Affairs,<br><br>Defendant. | Cause No. CV-19-62-BLG-SPW-TJC<br><br>Judge_____<br><br>**COMPLAINT** |

COME NOW, the Plaintiffs, and for their cause of action against Defendant, respectfully state and allege as follows:

## I. JURISDICTION

1.     Jurisdiction is proper in the United States District Court for the District of Montana, pursuant to 28 USC § 1346 and §§ 2671 – 2680 (Federal Tort Claim Act).

2.     The actions complained of occurred on April 15, 2018, within the exterior boundaries of the Crow Tribe Indian Reservation.  On July 11, 2018, Plaintiffs submitted

1

two tort claims on Standard Form 95. Both claims were denied by letters dated March 5, 2019. This action is brought within two years of the occurrence and within six months of the letter of denial, and is timely.

3.      Venue is proper, based upon the place of occurrence, i.e., the Crow Tribe Indian Reservation is within the Billings Division.

4.      This Court has supplemental jurisdiction over the pendent State law claims under 28 USC § 1331 in that this action arises under the laws of the United States.

## II.  PARTIES

5.      Plaintiff, Janet Jean Big Lake, is the duly appointed personal representative of the Estate of Ruben Stewart, having had Letters of Appointment issued on July 2, 2018, in the Montana 22nd Judicial District Court in and for Big Horn County. Janet Jean Big Lake is the natural mother of the decedent.

6.      The Plaintiff, Lavern Williamson Big Hair ("Big Hair"), is the maternal grandmother of the decedent. The decedent resided with Plaintiff, Big Hair, at the time of decedent's death.

7.      The Defendant, the United State of America, acting through its agency, the Department of the Interior, Bureau of Indian Affairs, is charged with providing law enforcement service on the Crow Tribe Indian Reservation.

## III.  FACTUAL ALLEGATIONS

8.      On April 15, 2018, Lavern Williamson Big Hair telephoned for assistance because her grandson was intoxicated and behaving in a disorderly manner. Approximately 30 minutes after the call, Timothy Smells, Jr., responded as a BIA law

enforcement officer. At all times hereinafter mentioned, BIA Officer Smells was acting within the scope of his employment or office.

9. Officer Smells spoke briefly with Big Hair. At that time, Ruben Stewart ("Ruben") was inside his grandmother's house. Within minutes, he came to the threshold of the entrance. He brandished a paring knife and challenged the officer to a fight. Officer Smells drew his service weapon almost immediately, and ordered Ruben to drop the knife. When Ruben failed to follow that demand, Officer Smells shot Ruben five times in quick succession, with three of those shots hitting Ruben in the back.

10. At the time that Ruben was shot, he had raised his arms to remove his shirt. He was not advancing on the officer, and Officer Smells was not in immediate danger of physical harm.

11. Officer Smells did not have any backup, did not request backup, and failed to use any intermediate force (taser) prior to the use of lethal force.

12. According to various eye-witness statements, Office Smells showed his gun immediately when he got out of his patrol car. Onlookers had yelled to Officer Smells to "stop it," but Office Smells' conduct only served to escalate the verbal exchange.

13. After the shooting, BIA Office Smells failed to administer any first aid to Ruben. The officer was agitated, cursing and striking the side window of his patrol car. When an onlooker challenged Officer Smells on his use of lethal force, the officer pointed his weapon at the witness and told him to stand back.

14. Officer Smells failed to follow policy and procedures for the use of his firearm, and had inadequate training and supervision.

15.     Officer Smells was negligent in the use of his firearm and used excessive force resulting in a violation of Ruben Stewart's due process rights under Article II, Sections 17 of the 1972 Montana Constitution; and Article II, Section 22 of the 1972 Montana Constitution, prohibiting excessive sanctions.

16.     Laverne Williams Big Hair was the grandmother of Ruben Stewart and he resided with her as part of her household.  There was an established close relationship between the two, and Ruben would help out with chores and would sometimes purchase groceries for the household.

17.     Laverne Williams Big Hair was in immediate proximity to Ruben when he was shot to death on her porch.  She lamented that when she asked for law enforcement assistance, it was not to shoot her grandson to death, but only because he was being disorderly.

18.     That as a result of witnessing her grandson being shot to death, Big Hair has substantial and significant emotional distress, and pain and suffering.

19.     That as a result of the death of her grandson, Big Hair has sustained a loss of consortium, companionship and support.

20.     That Ruben Stewart survived for a matter of minutes before bleeding to death on the entry of his grandmother's home.  The estate has suffered economic damages and loss of earning capacity due to Ruben's premature death.

21.     That funeral expenses and cost of burial were incurred on behalf of the estate in the sum of $5,817.00.

22.     That the damages being claimed are the direct and proximate result of the errors, omissions, negligence and excessive use of force of the Defendant in the

performance of its law enforcement duties and responsibilities.

WHEREFORE, Plaintiffs pray for relief as follows:

1. As to the Plaintiff Estate, that the Court award damages for the wrongful death of Ruben Stewart, including:

    a. Loss of earning capacity;

    b. Physical and emotional pain and suffering;

    c. Violation of State Constitutional Rights under Article II, Section 17, and Article II, Section 22 of the 1972 Montana Constitution;

    d. Funeral and burial expenses; and

    e. Pre-judgment interest.

2. As to the Plaintiff, Laverne Williams Big Hair, that the Court award damages as follows:

    A. Emotional pain and suffering, shock and fright by witnessing the shooting death of her grandson;

    B. Loss of consortium, services and companionship.

3. As to both Plaintiffs, that the Court grant such further relief as may be just, proper and equitable.

DONE and DATED this 5th day of June, 2019.

_Robert L. Stephens_
Robert L. Stephens, Jr.
Attorney for Plaintiffs